**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 25 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CARLTON KEITH JACKSON,

Defendant-Appellant.

No. 00-6342
(D.C. No. CR-98-192-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **BALDOCK** , Circuit Judge, and **BRORBY** Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Carlton Keith Jackson appeals from the district court's imposition of sentence following his guilty plea to one count of distribution of cocaine base in violation of 18 U.S.C. § 841(a)(1). We affirm.

Defendant was sentenced to 226 months in prison, reflecting nine months' credit for time served on a concurrent sentence for a prior drug offense. Defendant argues on appeal that the district court erred in (1) failing to require the government to move for downward departure based on substantial assistance, in accordance with his interpretation of the plea agreement, and (2) making sentencing calculations based on duplicate and unreliable estimates of drug quantity. Because defendant made no objections in the district court, "this court reviews only for plain error. Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Price*, No. 99-7078, 2001 WL 1040776, at *9 (10th Cir. Sept. 11, 2001) (citing *Jones v. United States*, 527 U.S. 373, 389 (1999)).

Defendant has not shown that the imposition of his sentence constituted plain error. The claimed expectation of a government motion for downward departure is not grounded in either the terms of the plea agreement or the extent of his cooperation with authorities. Moreover, under the appropriate sentencing

guidelines, the district court made no miscalculations that affected the length of defendant's sentence.

The judgment of the district court is AFFIRMED.


Entered for the Court


Wade Brorby
Senior Circuit Judge